**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STEVEN D. LISLE, JR.,** | ) | |
| **No. R40159,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00422-NJR** |
| | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **SUSAN HILL,** | ) | |
| **BRAD BRAMLETT,** | ) | |
| **LT. EVOIDI,** | ) | |
| **MRS. SMITH,** | ) | |
| **SGT. HARRIS,** | ) | |
| **C/O LAMINAK,** | ) | |
| **C/O McCLURE,** | ) | |
| **SGT. ANTHONY,** | ) | |
| **SGT. HARRSION,** | ) | |
| **MR. SMITH,** | ) | |
| **T. SKEEN, and** | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Steven D. Lisle, Jr., is an inmate currently housed in Pontiac Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights stemming from a failure to offer medical care after he attempted suicide by swallowing a razorblade.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## <u>The Complaint</u>

According to the complaint, on June 17, 2015, Plaintiff Lisle attempted suicide by swallowing a razorblade. Sgt. Harris escorted Plaintiff to a holding area and alerted Lt. Evoidi. Evoidi called Plaintiff a "piece of shit," upbraided him because this all occurred on his shift, and said that Plaintiff would be placed in a nearby cell, rather than being taken to the health care unit. Even when Plaintiff began spitting up blood, Evoidi did not send Plaintiff for medical treatment.

When an unidentified mental health doctor checked on Plaintiff, Plaintiff reported that his stomach hurt and he needed medical attention. The mental health doctor indicated he was going to see what he could do for Plaintiff, but then Evoidi insisted Plaintiff was lying about swallowing a razorblade. Although Plaintiff again spit up blood, the unidentified mental health doctor walked off. According to Plaintiff, Evoidi similarly told Mrs. Smith to not treat him. Mrs. Smith only took Plaintiff's pulse and temperature, even though Plaintiff explained he swallowed a razorblade and was in pain and spitting up blood.

Plaintiff also sought help from C/O McClure, C/O Laminak and Sgt. Harris, but they only called Plaintiff derogatory names and said he could die for all they cared. An unidentified nurse passing out medication on the gallery also failed to get Plaintiff medical care. When the third shift began, Sgt. Anthony toured the gallery. Upon learning of Plaintiff's condition and witnessing Plaintiff spit up blood, Anthony explained that Lt. Evoidi had already told him not to get Plaintiff care because Plaintiff was on a "blackball list." At 3 a.m. the next morning, an unidentified nurse made rounds, and Plaintiff explained that he had swallowed a razorblade and he remained in pain and continued to spit up blood. Evoidi announced that Plaintiff "ain't got nothing coming," and he and the nurse walked away.

Plaintiff was eventually taken to the health care unit, and an x-ray showed that he had swallowed a razorblade. Sgt. Harrison, Mrs. Smith, and multiple unidentified prison officials were in the health care unit and were informed of the presence of a razorblade in Plaintiff's abdomen (confirmed by a second x-ray), but Plaintiff was not afforded any medical care. He was, however, given disciplinary reports.

Plaintiff was returned to his cell on suicide watch. He informed Mr. Smith that the razorblade remained in his stomach and he was still in pain, but Mr. Smith did not get Plaintiff medical care. When Plaintiff subsequently evacuated his bowels, the razorblade cut his rectum. He handed the razorblade to an unidentified gallery officer and explained his situation, but he was still not given medical attention—instead, he received a "shakedown slip."

Grievances requesting medical care were sent to Counselor Brad Bramlett and Counselor Susan Hill, but nothing was done. "Kites" were sent to Warden Kimberly Butler without result, and when Plaintiff spoke to Butler in person, the warden walked away and never responded to Plaintiff's requests for care and action on his complaints.

Plaintiff was transferred from Menard to Pontiac Correctional Center and, as a result, his grievances became the responsibility of the Administrative Review Board. T. Scott Keen responded to Plaintiff's grievances regarding disciplinary matters, but not to the issues regarding the denial of medical care. (*See* Doc. 1, p. 22, reflecting that the grievance response was signed by "T. Scott Keen," not "T. Skeen" as Plaintiff states in the complaint).

Plaintiff has brought suit against all of the individuals referenced above. He seeks injunctive relief in the form of a preliminary and permanent injunction directing Administrative Review Board member T. Scott Keen (a.k.a. "T. Skeen") to investigate and address every issue in Plaintiff's grievances relative to Menard Correctional Center and Pontiac Correctional Center. Plaintiff also seeks compensatory and punitive damages.

Based on the allegations in the complaint and Plaintiff's own characterization of his claims, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **All Defendants were negligent and deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**

> **Count 2:** **Defendants Susan Hill, Brad Bramlett, Kimberly Butler, and T. Scott Keen (a.k.a. "T. Skeen") failed to respond to, and/or act on, Plaintiff's grievances, thereby denying him due process and equal protection in violation of the Fourteenth Amendment.**

Any claims that were intended but not recognized by the Court should be considered dismissed without prejudice as insufficiently stated under the *Twombly* pleading standard.

**<u>Discussion</u>**

*Count 1*

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v. Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

The allegations of deliberate indifference relative to each Defendant clearly fall within the ambit of the Eighth Amendment. Of course, Plaintiff will have to identify the Unknown Parties by name and amend the complaint.

Insofar as Plaintiff refers to Defendants' negligence, no constitutional claim has been stated, and that aspect of Count 1 will be dismissed without prejudice. *See Farmer*, 511 U.S. at 835.

**Count 2**

Count 2 pertains to the allegations that Susan Hill, Brad Bramlett, Kimberly Butler, and T. Scott Keen (a.k.a. "T. Skeen") failed to respond to, and/or act on, Plaintiff's grievances, thereby denying him due process and equal protection in violation of the Fourteenth Amendment.

Many of the due process allegations are interspersed within a discussion regarding Plaintiff's efforts to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Therefore, as a preliminary matter, the Court notes that such tactics do not amount to blocking access to the courts for purposes of a First Amendment claim. Section 1997e(a) only requires the exhaustion of "available" administrative remedies. If the administrative grievance process is rendered unavailable by prison officials, as Plaintiff appears to be alleging, the exhaustion requirement is satisfied, and there is no impediment to filing suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Insofar as Plaintiff takes issue with his grievances not being acted upon (or not resolved as he would wish), the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct[,] states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430. The Constitution requires no

procedure at all, and the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Thus, the due process aspects of Count 2 fail to state a colorable claim. Of course, Defendants Hill, Bramlett, Butler, and Keen remain in Count 1 insofar as the grievances conveyed actionable information regarding his need for medical care.[1]

The Equal Protection Clause claim against Hill, Bramlett, Butler, and Keen is presumed to be a so-called "class-of-one" claim because there is no suggestion of any type of discrimination based on a particular discriminatory classification, such as race. A class-of-one claim generally requires that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment. *See Engquist v. Oregon Dep't of Agriculture,* 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). No intentional discrimination or animus has been alleged; Plaintiff's equal protection claim is nothing more than a conclusory legal assertion that does not satisfy the *Twombly* pleading standard. Count 2 will be dismissed without prejudice.

### *Injunctive Relief*

Plaintiff seeks a preliminary and permanent injunction directing Administrative Review Board member T. Scott Keen (a.k.a. "T. Skeen") to investigate and address every issue in Plaintiff's grievances relative to Menard Correctional Center and Pontiac Correctional Center. Because Count 2 regarding failing to address Plaintiff's grievances has been dismissed, and in light of the fact that Plaintiff is no longer at Menard Correctional Center, the request for injunctive relief will be dismissed without prejudice.

---

[1] The Eighth Amendment claim against T. Scott Keen is tenuous, but further factual development is necessary, so Keen will remain in this case for the time being.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the negligence claim within **COUNT 1** is **DISMISSED without prejudice**; the Eighth Amendment deliberate indifference claim within **COUNT 1** shall **PROCEED** against all Defendants.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the request for permanent and preliminary injunctive relief is **DISMISSED without prejudice**, as it was tied exclusively to Count 2.

The Clerk of Court shall **CORRECT** the name "T. Skeen" in the record to **T. SCOTT KEEN**. All parties shall use the correct name going forward.

The Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER, SUSAN HILL, BRAD BRAMLETT, LT. EVOIDI, MRS. SMITH, SGT. HARRIS, C/O LAMINAK, C/O McCLURE, SGT. ANTHONY, SGT. HARRISON, MR. SMITH, and T. SCOTT KEEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

Service shall not be made on the **UNKNOWN PARTIES** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full

costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** May 16, 2016

**NANCY J. ROSENSTENGEL**
**United States District Judge**