IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-422-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, SUSAN HILL, BRAD | ) | |
| BRAMLETT, FRANK EOVALDI, TONYA | ) | |
| SMITH, RICHARD HARRIS, MICHAEL | ) | |
| LAMINAK, CHRISTOPHER MCCLURE, | ) | |
| BRANDON ANTHONY, TRACY | ) | |
| HARRINGTON, VIRGIL SMITH, T. SCOTT | ) | |
| KEEN, JOHN TROST, SYLVIA BUTLER, | ) | |
| ANDREW BENNETT, JODY HORMANN, | ) | |
| and JANNA SOUTH, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by Defendants (Sylvia) Butler and Trost on December 5, 2017 (Doc. 63) and the Motion to Dismiss or Strike filed by Defendants Hormann and South on January 25, 2018 (Doc. 74). For the reasons set forth below, it is **RECOMMENDED** that the Defendants' Butler's and Trost's Motion to Dismiss be **GRANTED IN PART and DENIED IN PART** (Doc. 63), that Defendants' Hormann's and South's alternative Motion to Strike be **GRANTED** and Motion to Dismiss be **DENIED AS MOOT** (Doc. 74) and that the Court adopt the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On August 2, 2017, counsel was recruited to represent Plaintiff (Doc. 44).   At a subsequent status conference, Plaintiff was granted leave to file an amended complaint provided that it did not add any claims or defendants.   If Plaintiff intended to add claims or defendants, he was explicitly directed to file a motion to amend (Doc. 55).   On October 11, 2017, counsel was again reminded of the necessity of a motion if there was a change in the claim or defendants (Doc. 57).   Plaintiff's amended complaint, filed prior to the recruitment of counsel (Doc. 43) contained one claim: that Defendants Kimberly Butler, Hill, Bramlett, Eovaldi, Smith, Harris, Laminak, McClure, Anthony, Harrington, Smith, Keen, Dr. Trost, and Dr. Butler, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 42).   Plaintiff filed his amended complaint (without a motion) on November 22, 2017.

In that Second Amended Complaint (Doc. 61), Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs when they failed to promptly provide medical assistance after he swallowed a razor blade.   Plaintiff, who was incarcerated at the Menard Correctional Center during the relevant time period, specifically alleges that he swallowed a razor blade on June 17, 2015 but that Defendants did nothing meaningful to treat his condition or remove the razor blade safely.   On June 26, 2015, Plaintiff had a bowel movement and passed the razor, causing significant injury to his rectum.    Instead of then treating him for his injury, he was disciplined for possessing the razor blade.   Thus, the claim did not change upon the filing of the Second Amended Complaint.

However, Plaintiff asserts this claim against new Defendants: Andrew Bennett, Jody Hormann, and Janna South.   He also drops claims against Hill, Bramlett, and Keen.   All other Defendants remain the same (K. Butler, Eovaldi, Smith, Harris, Laminak, McClure, Anthony,

Harrinton, Smith, Dr. Trost, and Dr. Butler). While the Second Amended Complaint still only asserts one claim for relief – that Defendants violated his Eighth Amendment rights, he asserts this claim against Defendants in their individual and official capacities.

As to the moving Defendants, Plaintiff claims that Nurse Hormann saw him on June 19th while he was in the infirmary but "ignored his pleas for help." He further alleges that Nurse South saw him on June 22[th] and likewise did nothing. Finally, he claims that Dr. Trost only treated him by giving him Milk of Magnesia and Dr. Butler permitted Plaintiff to be discharged from the infirmary on June 25th even after knowing that he had a razor in his body. There is no claim that any of these Defendants were responsible for a policy or practice designed to deprive Plaintiff of his constitutional rights.

### CONCLUSIONS OF LAW

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly*: first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations, and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 544 U.S. at 557).

**Motion to Strike**

As set forth above, Plaintiff was directed to file a motion to amend if he sought to add any new defendants or claims. Defendants Hormann and South are "new defendants" in that they were not named in the Amended Complaint (Doc. 43). To the extent that they are the Jane Doe Nurses that Plaintiff attempted to name in the Amended Complaint, that issue was decided by the Court on July 31, 2017 (Doc. 42). In that Order, it was determined that claims against Doe defendants were futile because they were made after the deadline to identify such defendants.[1] If Plaintiff now seeks to add claims against Hormann and South, who were first identified in the Second Amended Complaint, Plaintiff would need to show why this Court should extend the deadline for amending pleadings – preferably through a motion to amend the complaint. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (when a motion to amend is filed after the deadline to amend pleadings, Plaintiff must first demonstrate that good cause exists for extending

---

[1] Briefly, Plaintiff's motion to amend (Doc. 41) was deemed timely even though it was filed after the January 20, 2017 deadline (Doc. 31). *See* Doc. 42.

that deadline, as required by Federal Rule of Civil Procedure 16(b)(4)).   No such showing has been made.[2]   As such, Plaintiff's claims against Horman and South should be stricken for failure to comply with this Court's previous Orders and for the failure to show any good cause.[3]   It is unnecessary to address the alternative motion to dismiss.

**Motion to Dismiss Drs. Butler and Trost**

Defendants first argue that claims against them in their official capacity should be dismissed for failure to state a claim.   An "official capacity" claim made against these individuals, is essentially a claim against their employer, Wexford Health Sources, Inc.   *See Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664-5 (7th Cir. 2016).   Wexford, a private company which acts under color of state law and is thus subject to 42 U.S.C. § 1983, can be sued under the same theories as a municipality: Plaintiff can assert that it maintains a policy, practice, or custom that caused a constitutional violation.   *See Monell v. Dep't of Social Services,* 436 U.S. 658 (1978) (setting forth municipal liability pursuant to § 1983); *Shields v. Ill. Dep't. of Corr.*, 746 F.3d 782, 795-6 (7th Cir. 2014) (applying § 1983 to private corporations).   The Court assumes that Plaintiff means to allege that Drs. Trost and Butler were final policymakers for Wexford (Plaintiff has not named Wexford itself).

In order to assert an unconstitutional policy or practice claim, Plaintiff must make some allegation that Defendants' actions were pursuant to that policy/practice and that the policy/practice was the moving force behind the constitutional violation.   *Shields*, 746 F.3d at

---

[2] Plaintiff makes the argument that he did not know the names of these Defendants in the context of his statute of limitations argument – that he knew them by sight but not by name.   There is no evidence or argument, however, that Plaintiff made any timely effort to identify these Defendants even when instructed to do so by two Court Orders (Docs. 6 and 17).   As such, the fact that Plaintiff did not know their names would not be sufficient to show good cause to extend the deadline because he made no effort to discover their names in a timely manner.

[3] In light of this conclusion, the claim against the additional new Defendant, Andrew Bennett, should also be stricken.

790; *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015); *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). A policy/practice claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

The Second Amended Complaint does not set forth any allegation that an explicit policy, any unofficial practice, or any custom attributable to these Defendants was the moving force behind a constitutional violation. [4]  Nor can such an inference be made from the Second Amended Complaint.  Plaintiff's "official capacity" claims against Drs. Trost and Butler should be dismissed.

Defendants next argue that Plaintiff's claims are barred by the applicable statute of limitations.  A statute of limitations defense is an affirmative defense that generally would not be brought pursuant to a motion to dismiss.  Fed.R.Civ.P. 8(c).  However, "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'"  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).  Title 42 U.S.C. § 1983, through which Plaintiff's claims are brought, does not contain a specific statute of limitations.  Claims brought pursuant to the statute are considered personal injury claims and are consequently subject to the forum state's limitations period for personal injury actions.  *See Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013).  The State of Illinois' limitations period for a personal injury action is 2 years from the date of injury.  *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); 735 ILL.COMP.STAT. § 5/13-202.  While the limitations period is governed by state law, a claim accrues according to federal law:  when a plaintiff "knows or has

---

[4] Plaintiff argues that he alleged that he was placed on a "blackball list" by Defendant Eovaldi. Eovaldi is an employee of the Illinois Department of Corrections and is not employed by Wexford. Therefore any potential policy and practice claim made in the Second Amended Complaint would be directed against the IDOC and not Wexford or its employees.

reason to know of the injury that is the basis of his action." *Sellars v Peters*, 80 F.3d 243, 245 (7th Cir. 1996).   Defendants argue that Plaintiff's claim accrued on June 17, 2015 (when he swallowed the razor) or on June 26, 2015 (when he passed the razor) but that he did not name Defendants until July 31, 2017 (when his amended complaint was filed) – a month or so too late.

The Court notes that Plaintiff named Drs. Trost and Butler in his proposed amended complaint which he submitted on December 27, 2016 (Doc. 32).   While that motion was deemed moot in light of his later filed motion to amend (Doc. 40), Plaintiff nonetheless attempted to bring claims against Drs. Trost and Butler within 2 years of the accrual of his claim.   In any event, the parties spend an inordinate amount of time making arguments about the previous "John Doe" status of these Defendants (and others).   Such arguments are simply irrelevant because Defendants have failed to address whether Plaintiff's claims were tolled pending exhaustion of administrative remedies.   While a claim accrues according to federal law, "because 'the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application,' federal courts must 'also borrow[] the state's tolling rules--including any equitable tolling doctrines.'"   *Johnson*, 272 F.3d at 521. (quoting *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992)).   Such tolling doctrines are adopted unless the rules are inconsistent with the Constitution or laws of the United States.   *Smith*, 951 F.2d at 837 n.1.   Illinois law provides that the statute of limitations period is tolled during the time a prisoner exhausts his administrative remedies, which is required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).   *Johnson*, 272 F.3d at 522.

It is not obvious from the face of the Second Amended Complaint that Plaintiff did not exhaust his administrative remedies, a process that could take more than 6 months, prior to filing suit.   Therefore, Defendants have not met their burden of showing that Plaintiff's claims against

them are time-barred.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss filed by Defendants (Sylvia) Butler and Trost on December 5, 2017 (Doc. 63) be **GRANTED IN PART and DENIED IN PART**, that the Motion to Dismiss or Strike filed by Defendants Hormann and South on January 25, 2018 (Doc. 74) be **GRANTED IN PART and DENIED AS MOOT IN PART**, and that the Court adopt the foregoing findings of fact and conclusions of law.

In particular, the Court recommends that the claims against Defendants Bennett, Hormann, and South be **STRICKEN** and that the "official capacity" claims against Defendants Drs. Trost and Butler be **DISMISSED**.  If this Report and Recommendation is accepted, Plaintiff would proceed on one claim that Defendants Kimberly Butler, Eovaldi, Smith, Harris, Laminak, McClure, Anthony, Harrington, Smith, Dr. Trost, and Dr. Butler, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[5]

**DATED: July 31, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[5] None of the IDOC Defendants have sought dismissal of Plaintiff's other official capacity claims. This Court offers no opinion on the viability of such claims at this juncture.

**NOTICE REGARDING OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service.   Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.