IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:16-CV-422-NJR-DGW ) |
| KIMBERLY BUTLER, SUSAN HILL, BRAD BRAMLETT, FRANK EOVALDI, TONYA SMITH, RICHARD HARRIS, MICHAEL LAMINAK, CHRISTOPHER MCCLURE, BRANDON ANTHONY, TRACY HARRINGTON, VIRGIL SMITH, T. SCOTT KEEN, DR. JOHN TROST, DR. SYLVIA BUTLER, ANDREW BENNETT, JODY HORMANN, and JANNA SOUTH, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 94), which recommends granting in part the Motion to Dismiss filed by Defendants Dr. Sylvia Butler and Dr. John Trost on December 5, 2017 (Doc. 63), and granting the Motion to Strike filed by Defendants Jody Hormann and Janna South on January 25, 2018 (Doc. 74). For the reasons set forth below, the Court adopts in part and rejects in part the Report and Recommendation.

### BACKGROUND

Plaintiff Steven Lisle, Jr., an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center, initiated this civil rights

lawsuit pursuant to 42 U.S.C. § 1983 on April 14, 2016 (Doc. 1). Lisle filed a *pro se* First Amended Complaint on July 31, 2017, alleging Susan Hill, Brad Bramlett, Kimberly Butler, Dr. Butler, Lt. Eovaldi, Tonya Smith, Sgt. Harris, Laminak, McClure, Sgt. Anthony, Tracy Harrington, Virgil Smith, Dr. Trost, and T. Scott Keen were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 43). Lisle sued all defendants in their individual and official capacities (*Id.*).

On August 2, 2017, the Court appointed counsel to represent Lisle (Doc. 44). At a status conference held on October 11, 2017, Magistrate Judge Wilkerson granted Lisle's oral motion to amend in order to "clarify the complaint" (Doc. 55). Lisle was warned, however, that if he wanted to add new claims or defendants, he must file a motion for leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure (*Id.*). Lisle did not file a motion for leave to amend pursuant to Rule 15, but he filed his Second Amended Complaint on November 22, 2017 (Doc. 61).

The Second Amended Complaint named the same defendants as Lisle's First Amended Complaint but added three new defendants: Andrew Bennett, Jody Hormann, and Janna South (*Id.*). Lisle alleges all defendants were deliberately indifferent to his serious medical needs when they knew he had swallowed a razor blade but yet failed to provide him with any medical care (*Id.*). All defendants are named in their individual and official capacities, except for Kim Butler, the Chief Administrative Officer of Menard, who is named solely in her official capacity (*Id.*).

On December 5, 2017, Defendants Dr. Butler and Dr. Trost filed a motion to dismiss the official capacity claims against them because the Second Amended

Complaint did not allege a policy or custom claim against these defendants (Doc. 63). In fact, the Second Amended Complaint alleges only that Dr. Trost was employed by Wexford as the medical director at Menard during the events alleged in the complaint (Doc. 61, ¶ 16), while Dr. Butler was employed by Wexford as a doctor who worked at Menard (*Id.*, ¶ 17). Because Lisle did not plead facts sufficient to establish that Defendants Dr. Butler or Dr. Trost created or implemented any policy that caused him harm, Defendants argue, he does not have a cognizable cause of action against them in their official capacities (Doc. 63). Dr. Butler and Dr. Trost also moved to dismiss all claims against them as being barred by the statute of limitations (*Id.*).

On January 5, 2018, Defendants Hormann and South also moved to dismiss the claims against them (Doc. 74). Like Dr. Butler and Dr. Trost, Hormann and South argue the official capacity claims against them must fail because Lisle did not allege that any policy or custom of these individuals caused him harm (*Id.*). They further argue that Lisle's claims are barred by the statute of limitations and that his claims against them should be stricken because he failed to seek leave before adding them as new parties, as previously directed by the Court (*Id.*).

In response, Lisle argues that the claims in the Second Amended Complaint relate back to his original complaint and thus are timely. Furthermore, he argues he properly pleaded official capacity claims against the moving defendants because he alleges that Wexford and the IDOC, and their respective employees, operated under a policy that caused Lisle harm. Finally, Lisle asserts that the original complaint named several Doe defendants whose proper names were unknown to Lisle when he filed this action and

his First Amended Complaint named Jane Doe "medtec" defendants and referenced the conduct of two "unidentified nurses." Under these circumstances, there was no violation of the directive not to add new parties without leave of Court.

THE REPORT AND RECOMMENDATION

With regard to the motion filed by Defendants Hormann and South, Magistrate Judge Wilkerson found that these defendants are "new defendants" in that they were not named in Lisle's *pro se* First Amended Complaint. To the extent Lisle argues they are the Jane Doe nurses he attempted to name in the First Amended Complaint, Magistrate Judge Wilkerson noted that the Court already disposed of those defendants when Lisle did not name them by the January 20, 2017 deadline (*see* Doc. 42). Even if Lisle had filed a timely second motion to amend, his failure to again name the parties or set to forth any steps to be taken to identify them rendered his amendment futile as to the unknown parties (*Id.*). Because Lisle has not shown good cause for extending the deadline for amending pleadings and adding these defendants, Magistrate Judge Wilkerson recommends granting their Motion to Strike and finding the Motion to Dismiss moot.[1]

As to the motion to dismiss filed by Dr. Butler and Dr. Trost, Magistrate Judge Wilkerson found that the "official capacity" claims against these individuals is essentially a claim against their employer, Wexford Health Sources, Inc. As a private company acting under color of state law, Wexford can only be found liable under 42 U.S.C. § 1983 if a plaintiff alleges a policy, practice, or custom of the company caused

---

[1] In light of this conclusion, Magistrate Judge Wilkerson also recommends striking the claim against the additional new party, Defendant Andrew Bennett.

a constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) (setting forth municipal liability pursuant to § 1983); *Shields v. Ill. Dep't. of Corr.*, 746 F.3d 782, 795-96 (7th Cir. 2014) (applying § 1983 to private corporations). Because Wexford was not named as a defendant, Magistrate Judge Wilkerson presumed that Lisle was alleging Dr. Butler and Dr. Trost were final policymakers. Even so, to state a claim, Lisle must have alleged their actions were made pursuant to some policy or practice, and that the policy or practice was the moving force behind the constitutional violation. Yet, the Second Amended Complaint does not set forth any allegation that an official policy or unofficial practice or custom was the moving force behind the alleged constitutional violation. Accordingly, the official capacity claims against Dr. Butler and Dr. Trost should be dismissed.

As for the individual capacity claims, Magistrate Judge Wilkerson recommends the Court find they are not barred by the statute of limitations. Not only did Lisle attempt to bring claims against these Defendants within two years of the accrual of his claim when he filed his first proposed amended complaint, but Defendants also failed to address whether Lisle's claims were tolled while Lisle exhausted his administrative remedies. Because it is not obvious from the face of the Second Amended Complaint that Lisle did not exhaust his administrative remedies (a process that can take more than six months), Defendants have not shown that the claims against them are time-barred.

On August 14, 2018, Dr. Butler filed an unopposed motion to withdraw and correct the Report and Recommendation due to a mistake of fact (Doc. 102). According to Dr. Butler, it was confirmed on August 13, 2018, that Dr. Butler actually worked for

the IDOC—not Wexford—at the time of the events at issue in this case. As a result, Dr. Butler requested that Magistrate Judge Wilkerson withdraw his Report and Recommendation and vacate the recommendation that the official capacity claim be dismissed as to Dr. Butler. Rather than withdraw the Report and Recommendation, this Court informed the parties that the undersigned District Judge would take Dr. Butler's motion into consideration when ruling on the Report and Recommendation. Lisle filed an objection to the Report and Recommendation on August 31, 2018 (Doc. 110).

### DISCUSSION

Where timely objections are filed, this Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). In reviewing the Report and Recommendation, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). If no specific objection is made, the Court reviews the Report and Recommendation only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

I. **Official Capacity Claims Against Defendants Dr. Butler and Dr. Trost**

Lisle first objects to the Magistrate Judge Wilkerson's recommendation that this Court dismiss the official capacity claim against Dr. Butler, since this recommendation

was premised on a mistake of fact. The Court agrees, in that an official capacity claim against Dr. Butler is essentially a claim against her employer, the IDOC. The IDOC has not moved to dismiss any claims against its employees who were sued in their official capacities. Accordingly, the official capacity claims against Dr. Butler cannot be dismissed at this point in time.

As to Dr. Trost, Lisle argues that the Second Amended Complaint sets forth numerous factual allegations establishing that Dr. Trost acted pursuant to an unofficial policy implemented by the IDOC and Wexford whereby necessary medical care was withheld from disliked inmates. Lisle points to factual allegations in his Second Amended Complaint, as well as his earlier verified complaint, that:

- Upon learning of Lisle's medical emergency, Defendant Eovaldi made abusive remarks toward him rather than offering to help;

- Lisle was put on a "blackball" list meaning Menard staff would not give him medical care;

- Lisle spent a full week in extreme pain with a razor blade in his digestive system and was given no medical treatment;

- Dr. Trost was fully aware of Lisle's condition but withheld even the most basic medical treatment;

- Dr. Butler signed off on removing Lisle from the infirmary despite knowing it would be seriously dangerous to discharge him;

- Various medical staff told Lisle they were tired of his behavior and were going to get him out of the hospital no matter what; and

- Dr. Butler refused to send Lisle to an outside hospital for treatment while other inmates with razor blades in their body were taken to the outside healthcare unit.

Lisle claims these allegations show a repeated policy or practice of refusing to treat a "blackballed" inmate in need of care, rather than a single or isolated incident.

Lisle's claim against Dr. Trost in his official capacity is tantamount to a claim against Wexford, his employer. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) ("An official capacity suit is tantamount to a claim against the government entity itself."). "Wexford, a private corporation contracted by the Illinois Department of Corrections, is subject to a *Monell* claim for Section 1983 liability just as any municipality would be." *Ford v. Wexford Health Sources, Inc.*, No. 12 C 4558, 2013 WL 474494, at *9 (N.D. Ill. Feb. 7, 2013) (citing *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010)). Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority. *Springs v. Schwarz*, No. 15 C 5437, 2017 WL 4130504, at *3 (N.D. Ill. Sept. 19, 2017) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). The policy or practice must be the direct cause or "moving force" behind the deprivation of constitutional rights. *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)

In this case, there is no allegation that Dr. Trost has final policy making authority for Wexford. Accordingly, the Court looks to allegations of an unconstitutional express policy or a widespread practice. Even drawing all reasonable inferences in Lisle's favor, the Court finds none. The only allegations as to Dr. Trost are that he knew Lisle had swallowed a razor blade yet waited a week before he instructed Menard's staff to give

Lisle Milk of Magnesia to induce a bowel movement (*Id.*, ¶ 36). There is no allegation that Dr. Trost's inaction was prompted by a so-called "blackball list," much less an allegation that the blackball list was part of any policy instituted or condoned by Wexford. Accordingly, it is unreasonable to infer from the facts as alleged that Dr. Trost acted in accordance with a Wexford policy or practice of blackballing certain inmates. Because the factual allegations in the Second Amended Complaint are insufficient to state a policy, custom, or practice claim against Dr. Trost in his official capacity, that claim must be dismissed.

## II. Motion to Strike Defendants Hormann and South

Lisle also objects to Magistrate Judge Wilkerson's conclusion that the claims against Defendants Hormann and South should be stricken for failure to comply with the Court's previous Orders and for failure to show good cause to amend since the deadline to amend the pleadings had passed. Lisle argues that as an inmate he has restricted access to information, and he pursued his claims diligently since filing his original complaint. After counsel was appointed, Lisle promptly filed the Second Amended Complaint naming Hormann and South as Defendants. Lisle asserts that there is no evidence he engaged in undue delay or bad faith in adding Hormann or South, nor is there any evidence he acted with dilatory motive. Accordingly, the motion to strike should be denied.

Pursuant to the scheduling order in this case, Lisle had until December 19, 2016, to move to amend his complaint to add or substitute specific defendants for the John Does or to identify additional steps that could be taken to identify the John Does who

remained unnamed (Doc. 17). On December 19, 2016, Lisle filed a motion to continue the deadline to amend his complaint due to him being *pro se* and representing himself in other legal matters (Doc. 30). Magistrate Judge Wilkerson granted Lisle's motion in part, giving him until January 20, 2017, to file his amended pleading (Doc. 31).

On December 27, 2016, Lisle filed his first motion to amend the complaint (Doc. 32). Magistrate Judge Wilkerson had not yet ruled on Lisle's first motion when he filed his second motion on July 17, 2017 (Doc. 40). In his second motion, Lisle stated that "plaintiff has learned the names of John and Jan[e] Does who have not been served summons in this complaint as well have not been amended in this complaint." (*Id.*) His proposed amended complaint identified several of the Doe defendants, but did not identify the John Doe Gallery Officer or Jane Doe nurses. He also did not specify any steps to be taken to identify them, as required by the scheduling order. Accordingly, Magistrate Judge Wilkerson found that even if Lisle's second motion to amend—filed six months after the deadline to amend—was deemed timely, the failure to name the remaining John and Jane Does rendered his claims against them futile (Doc. 42). The Clerk's office was directed to terminate these unknown parties as defendants (*Id.*).

On August 2, 2017, counsel was appointed for Lisle (Doc. 44). A status conference was held in October 2017, at which time counsel made an oral motion to amend the complaint to "clarify" it (Doc. 55). The motion was granted by Magistrate Judge Wilkerson, but Lisle was informed that if he sought to add new claims or defendants, he must file a motion consistent with Rule 15 (*Id.*). Counsel then filed the Second Amended Complaint on Lisle's behalf, naming Hormann and South as defendants but without first

remained unnamed (Doc. 17). On December 19, 2016, Lisle filed a motion to continue the deadline to amend his complaint due to him being *pro se* and representing himself in other legal matters (Doc. 30). Magistrate Judge Wilkerson granted Lisle's motion in part, giving him until January 20, 2017, to file his amended pleading (Doc. 31).

On December 27, 2016, Lisle filed his first motion to amend the complaint (Doc. 32). Magistrate Judge Wilkerson had not yet ruled on Lisle's first motion when he filed his second motion on July 17, 2017 (Doc. 40). In his second motion, Lisle stated that "plaintiff has learned the names of John and Jan[e] Does who have not been served summons in this complaint as well have not been amended in this complaint." (*Id.*) His proposed amended complaint identified several of the Doe defendants, but did not identify the John Doe Gallery Officer or Jane Doe nurses. He also did not specify any steps to be taken to identify them, as required by the scheduling order. Accordingly, Magistrate Judge Wilkerson found that even if Lisle's second motion to amend—filed six months after the deadline to amend—was deemed timely, the failure to name the remaining John and Jane Does rendered his claims against them futile (Doc. 42). The Clerk's office was directed to terminate these unknown parties as defendants (*Id.*).

On August 2, 2017, counsel was appointed for Lisle (Doc. 44). A status conference was held in October 2017, at which time counsel made an oral motion to amend the complaint to "clarify" it (Doc. 55). The motion was granted by Magistrate Judge Wilkerson, but Lisle was informed that if he sought to add new claims or defendants, he must file a motion consistent with Rule 15 (*Id.*). Counsel then filed the Second Amended Complaint on Lisle's behalf, naming Hormann and South as defendants but without first

seeking leave of court (Doc. 61). Defendants subsequently filed the motion to dismiss or strike that is currently before the Court (Doc. 63).

After reviewing the record, the Court agrees with Magistrate Judge Wilkerson that the claims against Defendants Hormann and South (and, to that end, Defendant Bennett) should be stricken. Lisle specifically was instructed by the Court to file a motion for leave to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure if he sought to add any new defendants or claims (Doc. 55). Instead, Lisle filed an amended complaint adding three new parties without first seeking leave.[2] Thus, striking the claims against these new parties was proper. *See Jones v. United Airlines*, No. 11 C 6374, 2012 WL 6216741, at *9 (N.D. Ill. Dec. 13, 2012) ("Plaintiff's failure to ask leave to amend is sufficient reason to grant Defendant's motion to strike."). If Lisle still wants to amend his complaint, he must file the proper motion and supporting memorandum, which would afford Defendants the opportunity to oppose the proposed amendment.

## Conclusion

For these reasons, the Court **ADOPTS in part and REJECTS in part** the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 94). The Motion to Dismiss filed by Dr. John Trost and Dr. Sylvia Butler (Doc. 63) is **GRANTED in part and DENIED in part.** The official capacity claim against Dr. John Trost is **DISMISSED without prejudice**. The Motion to Dismiss or Strike filed by Jody Hormann and Janna South (Doc. 74) is **GRANTED in part and DENIED in part**. The claims against these

---

[2] To the extent these defendants were originally named as John Does in the original complaint, they were terminated when Lisle failed to name them by the deadline to do so.

Defendants, as well as Andrew Bennett, are **STRICKEN**. The Clerk's Office is **DIRECTED** to terminate these parties as defendants to this action.

    **IT IS SO ORDERED.**

    DATED:   September 18, 2018

    **NANCY J. ROSENSTENGEL**
    **United States District Judge**